UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO:  09-168 |
| BRANDON BERRY | SECTION: "S" |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Brandon Berry's **Motion for Early Release** (Rec. Doc. 122) is **DENIED**.

Before the court is a letter from defendant, Brandon Berry, which was construed and docketed as a motion for early release. The government opposes the motion. In the motion, defendant asks the court to permit him to serve the rest of his sentence on home confinement or in a halfway house. The motion does not set forth a statutory or other legal basis for relief.

To the extent defendant is requesting that this court reduce his sentence, such a motion would be premised on 18 U.S.C. § 3582(c), which provides for re-sentencing in very limited and exceptional circumstances not alleged or present here.[1] That statute likewise requires a

---

[1] That statute provides:

The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

petitioning prisoner to exhaust administrative remedies, which also has not occurred herein.

The letter is more in the nature of a request for the court to re-designate defendant's place

of confinement, to either defendant's home or a halfway house. However, it is well-settled that

the court cannot order the relief requested. The decision whether to order home confinement or

---

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

   (i) extraordinary and compelling reasons warrant such a reduction; or

   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582.

confinement to a halfway house is solely within the province of the Bureau of Prisons. See 18

U.S.C. § 3621(b) (the "Bureau of Prisons shall designate the place of the prisoner's

imprisonment" and "a designation of a place of imprisonment ... is not reviewable by any

court").

Defendant has failed to show either that he is entitled to or that this court has the

authority to grant the relief requested, and accordingly,

**IT IS HEREBY ORDERED** that Brandon Berry's **Motion for Early Release** (Rec.

Doc. 122) is **DENIED**.

New Orleans, Louisiana, this __27th__ day of May, 2020.


_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**